LANSING, Ch, J.
The objection to the writ as an alias fi.fa. is merely formal. It is not pretended that airy previous, execution had issued against the defendant, or that the judgment was in any manner satisfied. The circumstance of its being expressed to be an alias could not, therefore, prejudice any right of the defendant, nor could it vary the legal effect of the writ. I think that the clause constituting it an alias, may well be rejected as surplusage, and ought not to be allowed to defeat a title that was otherwise’' ■fairly acquired.
*189 If a former execution had issued and a levy had been attempted" under the alias, the court would in a summary way have redressed the defendant, by setting it aside for irregularity.
As to the. return of the sheriff, it in effect shows that there were no goods or chattels belonging to the defendant ; for after stating the sum which had been made of the goods add chattels, lands and tenements generally, it Certifies that the defendant had no other goods or [*155] chattels; and the whole sum levied was not sufficient to satisfy the execution.
But the sheriff’s: return, in my opinion, was not essential to the title of the purchaser. That title was not created by, nor dependent on the return, but was derived from the previous sale made by the sheriff by virtue 'of his writ. It was sufficient for the purchaser, that the sheriff had competent authority, and sold and executed a deed to him.
The proceedings in the case of an extent upon an elegit do not apply to the writ of fieri facias. On the writ of elegit no sale can be had, but the sheriff takes an inquisition by a jury Who set off the moiety by metes and bounds.(a) The inquisition is there necessary to be returned, and together with the return constitutes the title. Here the sale and the sheriff’s deed are sufficient evidence of the title, and if the purchaser cart show that the sheriff has authority to sell it is enough, and he need not look further.(b)
With regard to the intermediate conveyance to Cox, it appears that he acted as the agent of the lessors of the plaintiff *190 merely, and received it as their trustee. The consideration money was not paid by him, but by the lessors of the plaintiff, and a trust of course resulted for their benefit.(c) The statute of frauds does not, therefore, apply ; for a resulting trust or a trust by the act or operation of law, is expressly excepted by that statute, and remains as at common law susceptible of proof by parol.(d) If this- were not the case, the trust in this instance was executed and extinguished by the conveyance of Cox to the lessors of the plaintiff, and Cox could not afterwards defeat it.
Considering Cox as a mere trustee, his possession was in fact the possession of the lessors of the plaintiff. This alone is an answer to the argument founded on the idea of adverse possession. Besides, the possession of the [*156] defendant at the time of the conveyance by *Cox to the lessors of the plaintiff can in no sense be deemed to be adverse- Cox held under the title of the defendant, and not in hostility to it; and the latter after the deed to Cox, became quasi his tenant at will,(e) and would be deemed to continue in that character until an actual disseisin or disclaimer on his part. This was not attempted, and Cox immediately conveyed to the lessors of the plaintiff, who then became lawfully seised.
On every ground, therefore, I am of opinion that the plaintiff is entitled to judgment.
Radcliff, J., Kent, J. and Benson, J. were' of the same opinion.

 See an elaborate statement of the authorities upon this point,‘Cowen & Hill’s Notes to 1 Phil. Ev. 1093, 1094.

 This doctrine is re-affirmed in Wheaton v. Sexton, 4 Wheat. R. 503, 506 ‘‘ The purchaser,” says Johnson, J. delivering the opinion of the court, “ depends on the judgment, the levy, and the deed. AH other questions are between the parties to the judgment and the marshal. Whether the marshal sells before or after the return, whether he makes a correct return, or any return at all to the writ, is immaterial to the purchaser,, provided the writ was duly issued and the levy made before the return.” S. P. Mitchell v. Lipe, 8 Yerger, 179. Judge Cowen considered it “ enough for the purchaser that the officer had authority to sell and did sell to him and executed a deed.” Cowen & Hill’s Notes to 1 Phil. Ev. 1094.

 The principal cases upon this point in this state, are Foote v. Colvin, Jackson v. Matsdorf, both cited in the next note, Jackson ex dem. Whitlock v. Mills, 13 Johns. R. 463, Jackson ex dem. Seelye v. Morse, 16 id. 197. But by the Revised Statutes, vol. 1-, 728, when a grant for a valuable consideration shall be made to one person and the consideration paid by another, no trust-shall result in favor of the person paying the money, but the title shall vest in the alienee, subject to the claims of the existing creditors of the person paying the money. The resulting trust will still be valid, however, if the alienee took the deed, in his own name, without the knowledge or consent of the person paying the money, or in violation of some trust,

 Foote v. Colvin, 3 Johns. R, 216. Jackson ex dem. Benson v. Matsdorf, 11 id. 91. 1 Hilliard’s Ab. 209, and references.

 Jackson ex dem. Klein v. Graham, 3 Caines’ R. 188, 189.