OPINION of the Court, by
Judge Boyle.
-The appellees, who were complainants in the court below, claim, as coheirs with the appellant to their mother, Elizabeth Snelling, deceased, six sevenths of fifty .acres ef land, which they allege was purchased by tile appel *610 lant, with fh& money of their ancestor, and in trust Fot" her ; but that instead of taking the conveyance to her, he fraudulently took it to himself.
The appellant, in his answer, denies that the purchase was made for his mother, or that the money which was paid therefor belonged to her.
The court below decreed that the appellant should convey the land, and pay for the rent thereof 198 dollars ; from which decree he has taken this appeal.
We deem it unnecessary to decide the question made In the argument by the appellant’s counsel, whether, as there was no declaration in writing that the purchases was in trust for the mother, or that the money was advanced by her, the case is within the statute of frauds and perjuries ; because the evidence, when tested by the well settled rules of equity, independent of the requisitions of that statute, is found inconclusive, and insufficient to establish the facts from which, by the implication of law, a trust would result to the mother.
Trusts raised by implication of law were expressly excepted from the operation of the statute of frauds and, perjuries in England.
With respect to resulting trusts of this kind, the adjudications of the English courts may therefore be taken as evidence of the law upon this subject anterior to, and independent of the provisions of that statute.
Where the conveyance is taken to one, and no declaration in writing that the purchase was made in trust for another, and the trust is denied by the answer of him who is charged as trustee, it was formerly holden that no evidence aliunde was admissible to shew that the purchase was made with trust money, whereby to raise a trust in favor of the cestuique trust—Kirby vs. Webb, Prec. Ch. 84—Newton vs. Preston, Prec. Ch. 103—Kendar vs. Milward, 2 Ver. 440. And though modem decisions have in some measure mitigated the rigor of this rule, and permitted parol evidence to establish the trust, yet such evidence must be very clear and satisfactory, or it will be held insufficient — See Ambler’s Rep. 409, and Sugden’s Law of Vendors, 415 to 419 inclusive.
In the present case, the evidence produced on the part of the appellees to prove that the purchase was made in trust for their mother, or that the money ad- *611 vanccd belonged to her, consists of the naked declarations of the appellant; and these declarations are proven by witnesses whose credit is in some measure weakened, either by their relation to the appellees, or other circumstances derogating from their character for veracity.
This species of evidence is in itself the weakest and most unsatisfactory of all testimony, on account of the facility with which it may be fabricated, and the utter impracticability of disproving it by direct negative proof, But if the evidence on the part of the appellees were in itself sufficient to raise an equitable presumption that the purchase was made in trust for their mother, that presumption is completely repelled by the proof adduced on the part of the appellant. It appears in evidence that the appellant had sold a tract of land in Virginia, in which his mother had a life estate, the remainder whereof belonged to him, and that there was an understanding between them that she was to have a like interest in a tract of land to be purchased in this country 5 that after her removal to this country, and the appellant had purchased the land in controversy, she became dissatisfied ; and wishing to return to Virginia, agreed that she would give up her interest in the land here, if he would procure a rescisión of the contract for the sale of the land in Virginia ; that he did get the sale rescinded ; that she received the rent accruing therefrom af-terwards, directed the vendor of the land here to make the title to the appellant, acknowledged the land to be his, agreed to pay rent therefor, and never after the re-scisión of the contract for the sale of the land in Virginia, does it appear that she set up any claim to the land in dispute.
These circumstances appear to the court more than sufficient to rebut the presumption, arising from the testimony on the part of the appellees, that the appellant holds the land as a trustee for them.
The decree of the court below being erroneous upon its merits, it is unnecessajy for the court to examine the minor points made by the assignment of errors.
Decree reversed,.