OPINION of the Court, by
Judge Logan.
This isa suit in chancery, brought by the appellees, to recover of the appellant their respective proportions in certain slaves, which they allege were purchased in trust for them. The appellant in his answer denies that the purchase was made for the benefit of the appellees.
The case is this: James Stephenson died intestate, leaving his father his heir at law. The father gave up the benefit of the estate to his children ; and a bond for ^80 4i. belonging to the estate, was put into the hands of the appellant, who applied the same in the purchase of the negro woman and one of her children now in contest ; and took the bill of sale in his own name. He states that he is willing to account to the legal representatives of the intestate whenever called on for the amount of the said bond.
The evidence in the cause very clearly proves, that $he bond was put into the hands of the appellant for the *16 express purpose of purchasing the negro woman and child, for the benefit of all the children, except John, who it seems was indebted to his brother as much as his proportion would amount to in the estate.
But objections were taken to reading the depositions of the father, mother, and brother John, upon the ground of incompetency. We cannot, however, perceive the force of either objection. The deposition of the father evidently shows, that he has no interest in the event of this suit. He proves the gift and relinquishment to his children. If he retained an interest, it was in the slaves, if purchased, until his youngest child attained the age of twenty one years. That period has past. He sets up no claim in this suit; and the decree, or evidence in the cause, will not avail him in another, even should he demand compensation for the use of the negroes held by the appellant during the minority of the youngest child. If then the father were, competent, so was the mother ; and with respect to John, he is no party in the suit, because he had no interest to sue for, having previously received the amount of his proportion in a debt due by himself to the estate. And having no interest to sue for, so he had none in the event of the suit, and was therefore competent to give evidence.
But independent of these witnesses, there is other evidence satisfactory to show that the purchase was made for the benefitof the family. Mrs. Barnett proves the fact positively from the statements of the appellant himself ; and other evidence in the cause tends to the establishment of the fact. Parrott, who sold the negroes, states it as his impression, that he had heard the appellant say that he was acting for the children j and that in drawing the bill of sale for the negroes, it was asked by the drawer of the instrument in whose name it should be given, and the appellant replied, that it might be given in his own name. Both the interrogatory and answer, imply an understanding at that , time that the appellant was not solely interested.. And to these considerations may be added, that the balance of the price which had been agreed to be given for the negroes, was paid by the father, and not by the appellant ; and moreover, that the father held possession, in some measure, of the negroes for a considerable time after the purchase $ *17 ■which corresponds with the agreement as alleged. Besides, the.length of .time from the purchase of the ne-groes, with payments not of the estate of the appellant* is, from the circumstances of this case, entitled to considerable weight, in showing an understanding that the others were interested under some special agreement in the negroes ; for no advances or payments for many years seem to have even been spoken of for the amount received and paid away by the appellant, or for a debt that he owed to the estate of his brother independent of the bond aforesaid.
We cannot, therefore, find a point to doubt on, favorable to the pretensions of the appellant to the entire property in the slaves. The security spoken of in the transfer of the bond for the negroes, has not subjected him to injury. The bond has been .paid off by the obli-gor, and therefore the appellant has no cause to complain on that ground ; and surely it is light presumption indeed, that he was acting for himself only, because he had incurred a possible responsibility 0⅞ account of indemnity to security for the payment by the original obligor. But that he incurred such liability does not even appear ; nor is it material, since it is evident he sustained no injury ; and the proof is indubitable that hé was acting for the others as well as himself in making the purchase.
It was argued that the agreement, if made, was not binding, because one of the children interested in the estate was a minor, and another a feme covert, whose husband was not present; neither of whom it is contended was bound thereby', and for want of reciprocity in the agreement it was not obligatory on either party. Neither the position in principle, nor fact assumed, is correct. It is sufficient to observe, however, that the acquiescence by the husband so long afterwards in the arrangement made, is evidence of his considering and recoguizing it as his agreement also. But the argument presupposes an absolute vested and incontrolable right in the feme and husband, prior to the agreement with the appellant; whereas there had been but a mere naked executory promise by the father, until the agreement was in part executed by him, in causing the bond to be given up to the appellant for the purposes mentioned. The appellant received under that direction *18 and agreement the right to the bond, for the end and purpose specified ; and neither the husband nor infant had a right which could hav-e controled the disposition so made. But at any rate with regard to the infant the agreement was beneficial; he claims under it, and it does not lie with die appellant to object, having undertaken the trust when at age to act for himself.
The foregoing observations in relation to the right when it passed and became in part executed from the old man in favor of the children, render farther notice unnecessary, with regard to the suit being to recover tinder a promise only, to give by the father to the ap-pellees. But their right to the negroes was clearly postponed in its commencement, until the youngest child became of age ; indeed the bill itself so represents the fact. So much of the decree, therefore, as allows to the complainants hireage for the negroes anterior to that time, is erroneous. The father and mother, and not the appellees, were, from the agreement entitled to the negroes during the infancy of the youngest child ; nor were the complainants liable during that period ior the care and maintenance of the negroes. Tor decreeing hireage, therefore, before the youngest child attained the age of 21 years,-the decree must be reversed.
Wherefore it is decreed and ordered by this court that the decree of the circuit court, for so much thereof, be reversed, and be affirmed as to the residue ; and that the cause be remanded to said court, that a decree maybe rendered conformable to the foregoing opinion. And it is farther decreed and ordered by the court that each party pay their own costs in this court.