WILLIAM SMITH *versus* JOHN LANE *et al.*

A husband conveyed his life estate in his wife's land to her father, who afterwards, being insolvent, reconveyed it to the wife, to prevent its being taken by his creditors; one of whom nevertheless extended an execution on the land. It was *held*, that parol evidence was inadmissible to prove that the conveyance to the wife's father was in trust for her use; so that the reconveyance was taken to be fraudulent as against creditors.

TRESPASS *quare clausum fregit.* Plea, soil and freehold in Jacob and Susannah Willard.

The plaintiff claimed by virtue of an extent upon the land on the 27th of April, 1822, as the property of R. Bathrick.

Susannah Wheeler being the owner of the land, in 1807 intermarried with J. Willard, whereby he became seised of a life estate therein. On the 16th of June, 1807, J. Willard conveyed by deed of release and quitclaim to R. Bathrick, father of Mrs. Willard, all his title and interest. The consideration expressed in the deed was 10 dollars. Bathrick lived upon the land and continued to occupy it until the time of the plaintiff's extent. On the 24th of October, 1821, Bathrick, being then insolvent, gave a deed of the land, without covenants of warranty, to Mrs. Willard, for the consideration of 20 dollars, for which sum she gave her note. She knew of the embarrassments of her father, and this deed was made on that account, to prevent the land from being taken by his creditors. She

---

, ved on the land at the time, her father having boarded with her four months.

The defendants offered to prove by parol evidence, that Willard's estate, at the time when he gave the deed to Bathrick, was of much greater value than 20 dollars ; that nothing was in fact paid by Bathrick, but that the deed was without consideration ; that it was agreed between them that Bathrick should permit Mrs. Willard to occupy the land as if it were her own ; that Mrs. Willard remained in possession to the present time ; and that the conveyance was made to her by Bathrick, because he held the land in trust for her, and to prevent the property, which was only intended to be held by him for her, from being taken from her to pay his debts.    This evidence was rejected.

The defendants also offered in evidence a bond made by Willard to Bathrick, bearing even date with his deed to Bathrick, in which he covenanted " never to exercise any authority over his wife or any property real or personal which she may hereafter acquire or which she now has."

The defendants were defaulted ; but if the whole Court should be of opinion that the parol evidence was improperly rejected, or that from a consideration of the conveyances referred to and the facts proved, the defendants could maintain the issue of soil and freehold in J. and S. Willard, the default was to be taken off.

*S. Dana* and *Shepley* for the defendants.    These deeds on the face of them show that Bathrick did not own the land at the time of the extent.    The plaintiff then is to get it by proving by parol evidence a fraudulent conveyance ; and then comes the question, whether, if the deed to Bathrick is not on the face of it a trust, we may not introduce parol evidence to prove the trust, in order to rebut the parol evidence of fraud. It will be strange if the law will compel the man to be dishonest and to cheat his daughter, when he is willing to be honest and to perform the trust.    The consequence of excluding the testimony will be, that no person holding an estate upon a trust not expressed in writing, will be able to give a valid deed to the *cestui que trust*, without a full consideration.

*E. H. Mills* and *C. Willard* for the plaintiff.

*Oct. 6th.*

PARKER C. J. said the Court endeavoured to turn Bathrick's interest into an estate in trust, but found it impossible. He was in possession of the land and conveyed it for a small sum to prevent its being taken by his creditors. This would make the conveyance fraudulent. But it was contended, that the original intent was to secure the property for the daughter ; that originally no consideration passed from Bathrick. There was however no writing made to show the trust,[1] though that may probably have been the honest intention of the parties. Judgment must therefore be entered for the plaintiff.

---

[1] *Goodwin* v. *Hubbard,* 15 Mass. R. 218; *Runey* v. *Edmands,* 15 Mass. R. 294; *Flint* v. *Sheldon,* 13 Mass. R. 448; *Northampton Bank* v. *Whiting,* 12 Mass. R. 104; *Storer* v. *Batson,* 8 Mass. R. 431; *Bridgman* v. *Green,* 2 Ves. sen. 629; *Watt* v. *Grove,* 2 Sch. & Lef. 500; *Clarkson* v. *Hanway,* 2 P. Wms 203; *Black* v. *Black,* 4 Pick. 234; *Small* v. *Proctor,* 15 Mass. R. 495, *Kempton* v. *Cook,* 4 Pick. 305; *Chadwick* v. *Perkins,* 3 Greenl. 399.

But see *Bullard* v. *Briggs,* 7 Pick. 533; *Jackson* v. *Sternbergh,* 1 Johns. Cas. 153; *Foote* v. *Colvin,* 3 Johns. R. 216; *Jackson* v. *Matsdorf,* 11 Johns. R. 91; *Boya* v. *M'Lean,* 1 Johns. Ch. R. 582; *Botsford* v. *Burr,* 2 Johns. Ch. R. 409; *Livingston* v. *Livingston,* 2 Johns. Ch. R. 540; *Snelling* v. *Utterback,* 1 Bibb, 609; *Stephenson* v. *Stephenson,* 3 Bibb, 15; *Hart* v. *Hawkins,* 3 Bibb, 506; *Perry* v. *Head,* 1 Marsh. (Kentucky) R. 47; *Stark* v. *Cannady,* 3 Littell, 399; *Phillips* v. *Crammond,* 2 Wash. C. C. R. 441; *Powell* v. *Monson & Brimfield Manuf. Co:,* 3 Mason, 347; *Dean* v. *Dean,* 6 Connect. R. 285; *Dorsey* v. *Clark,* 4 Harr. & Johns. 551; *Willis* v. *Willis,* 2 Atk. 71; *Bartlett* v. *Pickersgill,* 1 Eden, 515; *Lord Anglesey* v. *Lord Altham,* 2 Salk. 676; *Finch* v. *Finch,* 15 Ves. 43; *Young* v. *Peachy,* 2 Atk. 256; *Dealtry* v *Murphy,* 3 Marsh. (Kentucky) R. 477.