Parker C. J.
delivered the opinion of the Court. The bill sets forth certain facts which, if they should be admitted by the answer or proved on trial, would show that Alexander Black junior, one of the respondents, was accountable in a court of chancery having general jurisdiction of all matters in equity, for the proceeds of the estate of Thomas Black, which had been conveyed to him by Thomas Black and by William and Samuel Fessenden ; for it should seem that he took the estate on account of the debt of his father to the Fessendens, which he paid, and that he soon after sold it for a much larger sum than the amount of that debt; so that if by his answer he should not wholly purge himself of any trust to the use of his father, or of any fraudulent design to conceal the estate of his father from his father’s creditors, he would be held as trustee to those creditors for the estate purchased of Howes, or at least of that part of the proceeds of his father’s, estate which exceeded the consideration which he paid for it. And probably under our trustee process he would be made accountable to the same extent, for he would be obliged by his answer to show what disposition he had made of the difference between the consideration paid by him for the estate, and the price he obtained for it when sold by him; or if the original conveyance by his father to him was with the design to defraud creditors, he aiding in that design, the estate itself might be pursued at law, unless it has come to the hands of a purchaser wholly ignorant of the fraudulent character of the conveyance.
But the question which we have to determine is, whether this Court has jurisdiction, as a court of chancery, to entertain this bill, with a view to charge the defendant, Black junior, as trustee of the estate which he purchased of Howes, or of the proceeds of his father’s estate, beyond the sum which he paid for it to W. and S. Fessenden. And this depends entirely upon the power given to this Court by St. 1817, c. 87, which provides, that the justices of the Supreme *247 Judicial Court shall have power and authority to hear and determine in equity, all cases of trust arising under deeds, wills, or in the settlement of estates, &C.[1]
This power is limited to cases of trust created by any deed or will, or proved by some other instrument to arise under a deed or will,[2] or it extends to all cases of constructive trusts which by the rules and principles of courts of chancery are considered to exist whenever a deed of conveyance of land or personal estate is made for the purpose of defrauding or delaying creditors. If the latter is the true construction, a wide field of jurisdiction would be opened ; which we can hardly think was intended by the legislature, because it would operate as a virtual repeal of some important rules of property established by preexisting statutes, and would introduce a form of trial and system of proof and evidence before wholly unknown in our jurisprudence.
By Si. 1783, c. 37, § 3,[3] it was enacted, that all grants and assignments, as well as all declarations or creations of trusts or confidences of any lands, tenements, or hereditaments, shall be manifested and proved by some writing signed by the party, who is by law enabled to grant, assign, or to declare such trust, or by his last will in writing, except such trusts or confidences as arise or result by the implication or construction of law.
Now if the broad construction of the statute of 1817, which is necessary to support this bill, should be adopted by the Court, trusts and confidences would subsist which are not manifested by writing, and thus this provision of the law would be superseded, not by direct legislation, but by implication and construction ; which it cannot be supposed was intended.
Besides, the policy of this commonwealth, as manifested by the general course of legislation in regard to real estate, *248 has been to exclude paroi evidence, and to require deeds or instruments in writing as the only evidence of title and trans for ; but if trusts may be established by the Court under the chancery jurisdiction given, this whole system will be superseded, and estates may exist in a character altogether different from that which by deed or record appears to belong to them.
It is also to be considered, that the mode of proof in courts of equity and in courts of law is essentially different. By the former, the party himself who is sought to be charged is to be examined, and he is put under a legal compulsion to furnish evidence against himself, instead of standing upon the proofs of his adversary, according to the known practice in courts of law. This entire change of jurisprudence ought not to be drawn from doubtful declarations of the legislative will, especially from enactments which have distinct objects to operate upon, that come clearly within the intent of the legislature. This Court have considered it their duty to take no jurisdiction as a court of chancery, beyond what has been expressly given to them by the legislature, or is the necessary effect of powers explicitly given. They are not a court of general chancery jurisdiction, but a court of common law, on which equity jurisdiction has been conferred by special enactments of the legislature ; and we think it most obvious, that to enlarge that jurisdiction by implication, so as to reach cases not within the contemplation of the legislature as expressed by their statutes, would be an unjustifiable usurpation. Trusts arising under deeds, wills, or in the settlement of estates, comprise the whole jurisdiction of the Court in relation to trusts.[1] 2A trust arising under a deed or will must be created by such instrument, or some other instrument necessarily connected therewith.[2] The present *249 ease is not one of that description. If there is any trust, it arises dehors the deeds, and must grow out of a fraudulent parting with or holding of the estate to defeat or delay creditors. If the common law, or the trustee process, will not reach such a case, it only shows that there is yet a defect in the laws, which can be supplied only by the legislature.
It is for these reasons that we think this bill cannot be sustained, and it is therefore dismissed.

 See Revised Stat. c. 81, § 8, where equity jurisdiction is given to the Supreme Court in all suits and proceedings for enforcing and regulating the execution of trusts.

 It is sufficient if the trust is proved by a writing of the trustee, to have arisen under a deed. Safford v. Rantoul, 12 Pick. 233.

 See Revised Stat. ?. 59, § 30.

 See Revised Stat. c. 81, § 8.

 See Goodwin v. Hubbard, 15 Mass. R. 218; Smith v. Lane, 3 Pick. (2d ed.) 207.
It is held, however, in the following cases, that a resulting trust may be proved and rebutted by paroi. Malin v. Malin, 1 Wendell, 625; Botsford v. Burr, 2 Johns. Ch. R. 409 to 416; Boyd v. M‘Lean, 1 Johns. Ch. R. 582; Livingston v. Livingston, 2 Johns. Ch. R. 540 Stark v. Canada, 3 *249 Littell, (Ken.) 399; Snelling v. Utterback, 1 Bibb, 609; Stephenson v. Stephenson, 3 Bibb, 15; Hart v Hawkins, 3 Bibb, 506, Dean v. Dean, 6 Connect. R. 285; Dorsey v. Clark, 5 Harr. & Johns 551; Powell v. Monson & Brimfield Manuf. Co., 3 Mason, 362, 363; Hoge v. Hoge, 1 Watts, 163; Hoxie v. Carr, 1 Sumner, 173; Jackman v. Hallock, 1 Ohio R. 320; Anglesey v. Altham, 2 Salk. 676; Roe v. Popham, 1 Doug. 26; Finch v. Finch, 15 Ves. 43; Rider v. Kidder, 10 Ves 360; Burdett v. Pickersgill, 1 Eden, 115.
To establish the existence of a trust, the onus probandi lies on him who alleges it. Prevost v. Gratz, 6 Wheat. 481; 1 Peters’s C. C. R. 366.