Chief Justice Bibb
delivered the Opinion of the Court.
The verdict as rendered in this case cannot be approved, unless credence be given to the evidence of William Caldwell. His testimony is of a confession by Allen to him, that the negro (alleged to have been converted to the use of the defendant, Allen,) was sent off by one Woods to Texas from the county of Montgomery. The species of confession deposed to by Caldwell, is in itself the weakest and most unsatisfactory of all testimony deemed competent in law, on account of the facility with w'hich it may be fabricated, and the difficulty of disproving, it if false, by direct negative proof. Snelling vs. Utterback, (1 Bibb, 611,) Morris vs. Morris, (2 Bibb, 311).
But the confession of Allen is deposed to by William Caldwell, who by his own account, was at the time engaged in counterfeiting and fabricating a letter, as if from a man in Alabama to Young; who, by the deposition of himself, had escaped from jail, under, a prosecution for passing counterfeit money, and was then under the impending prosecution; who by his own confession, and by general reputation, was associated with a band of counterfeiters, and by the testimony of respectable witnesses, is of infamous character. It is due to the pure administration of justice, to example and effect in society, that a verdict based exclusively upon the testimony of confession, sworn to by such an infamous witness should not stand. It would be vain to attack the credibility of a witness, if evidence of such depravity and infamy is to be of no avail with the court. The juries will do their duty and exercise their powers; the court must do theirs, in supervising the verdicts of juries.
In the progress of the trial objections were made to the admissibility of evidence, and overruled. The bill of exceptions is awkwardly worded, but by comparing it with the evidence detailed, epic] *137 permitted to go to the jury, the objection made, and the opinion of the court thereupon is explained. Evidence was permitted to be introduced by the plaintiff, to induce credence to be given to Caleb well, his own witness, that whilst Caldwell was in Mountsterling, he had “acted with punctuality;” that in breaking up the counterfeiters with whom he was associated, he had “acted with truth and so as to justify confidence;” that by letters from Tennessee, it was stated, “that, in the matter of breaking up the gang of counterfeiters, Caldwell might be depended on, and he had seen nothing in Caldwell to give him (the witness) an opinion different from the recommendation.”
Triplett, for appellant; Crittenden, for appellee.
This species of evidence of punctuality and fidelity in a particular transaction, was not admissible on the part of the plaintiff to support the credit of his witness; for if such evidence was proper for the plaintiff, by the same rule, it would be per? missible for the defendant to go into evidence of want of fidelity and truth in other particular transactions, from which the witnesses to such particulars, had, from.their own knowledge, drawn conclusions that Caldwell was unworthy of credit. This is not the kind pf evidence by which the credit of a witness is to be impeached or sustained; his general character, but not his conduct in particular cases, must be the subject of inquiry. Mr. Stockton’s own particular confidence from his own knowledge of the conduct of Caldwell in the matter of breakr ing up the counterfeiters, was improperly permitted to go to the jury.
It seems to this court that the circuit court erred, in permitting the evidence to go to the jury, which was objected to, as stated in the bill of exceptions, and also in refusing a new trial.
Therefore it is considered by the court, that, the judgment be reversed, the verdict be set aside, and "that the cause be remanded for a venire facias de novo.
Appellant to recover his costs.