The opinion of the Court was afterwards delivered by
Parsons, C. J.
The plaintiff, to prove his title to, and possession of, the locus in quo, gave in evidence an execution issued on a judgment recovered by him against Potter, and the return thereon. By the return it appears, that, on the 17th of June, 1801, the *187 execution was duly levied on land of Potter’s, which included the place where, &c., and of which Potter was in possession; that seisin and possession were delivered to the plaintiff, and the execution was duly returned and registered. On this execution the plaintiff rested his cause, no objection being made to his not producing in evidence the judgment on which the execution issued. The defendants proved that Potter was in possession of the place where, &c., twenty years before the levy, and, notwithstanding the levy, had continued in possession ever since; and they contended, that the execution and return were not sufficient evidence of the plaintiff’s possession to support his action of trespass. The judge was of a different opinion, and, agreeably to his direction, the jury found a verdict for the plaintiff. To this opinion and direction of the judge, the defendants except, and move for a new trial.
The objection to the sufficiency of the plaintiff’s evidence is founded on the position, that the levy of the execution, and its return and registry, do not amount to an actual livery of seisin and of possession, to enable the plaintiff to maintain trespass against the defendant Potter for continuing his possession; but that the plaintiff, after the levy, ought to have made an actual entry before he commenced his suit. And this position is supposed to be justified by the principles of the common law, which apply to the extent of an elegit on a moiety of the debtor’s lands. For the sheriff returns on the elegit, that he had delivered a moiety of the lands to the plaintiff, which delivery does not give the plaintiff the actual possession, but only a right of entry and of possession.
. In the levy of an execution on lands, two things are to be con sidered—the authority of the sheriff, and the rights of * the plaintiff resulting from the legal exercise of that [ * 218 ] authority. In the case of an elegit, the plaintiff’s right under the extent is correctly stated in the objection; and this right results from the authority of the sheriff, and from the manner in which it is exercised. It is the sheriff’s duty to empanel a jury, who on oath inquire what freehold lands the defendant holds within his bailiwick, and fix the yearly value of them. When the jury have ascertained the lands, and appraised their yearly value, the sheriff delivers just one moiety, according to that appraisement, to the plaintiff, to hold until out of the annual profits, as valued by the jury, he receive his debt and interest. The inquisition is then returned, and entered of record in the Court whence the elegit issued. If the sheriff had in fact put the defendant out of, and the plaintiff in possession, under the inquisition, which seems anciently to have been the practice, it was supposed that the defendant had no remedy, if the sheriff’-s proceedings were irregular, but by moving *188 to set aside the inquisition, because the plaintiff was in possession by a title on record. The rule was therefore established, that the delivery by the sheriff of the lands to the plaintiff was a complete execution of his authority without dispossessing the defendant; and that the plaintiff’s right was a right of entry and of possession. The plaintiff, having this right, might bring an ejectione firmas,, and eject the defendant; or he might enter peaceably, and retain the possession, without being considered as a wrong-doer. For every man having a right of entry into lands, may assert that right, so that he does not commit such acts of violence as will subject him to a criminal prosecution. And this rule, intended to protect the defendant from an illegal dispossession, does no injury to the plaintiff. For, whether he enter peaceably and retain the possession, or whether he enter under a habere facias possessionem, from the time of the entry he shall hold the lands, until his debt, with interest, is paid out of the rents and profits. The postponing of his entry does therefore lessen the fund out of which his debt is to be paid.
Let us now advert to our statutes making real estate liable to pay debts, and providing for the taking of it in execution.
[ * 219 ] *The execution may be levied on all the freehold estate of the defendant; and, in one case, on the rents and profits.
When the execution is levied on real estate, all the defendant’s title to, and interest in, the estate is transferred to, and becomes the property of the plaintiff, at a reasonable appraisement of the value. In levying the execution, the sheriff proceeds without the intervention of a jury. The plaintiff shows him certain lands as the estate of the defendant, and directs the sheriff to satisfy the execution, by a levy on those lands. Three freeholders are then selected, one by the plaintiff, and two by the sheriff, -if the defendant neglect to choose one, which he may do. These freeholders on oath appraise the land, or so much thereof as is equal in value to the execution and the charges of levying, describing by metes and bounds the land thus appraised. The officer is then expressly directed to deliver possession and seisin of the appraised lands to the creditor. It is also provided that the execution, when returned and registered pursuant to the statute, shall make as good a title to such creditor, his heirs and assigns, as the debtor had therein.
The creditor, therefore, is the purchaser of the estate for the full value, acording to the appraisement of it by disinterested freehold ers: he has the possession and seisin of it, and his title is as good as the debtor had. Although there may be a concurrent possession, there cannot be a concurrent-seism of land? • and as l«vr>rv nf seisin *189 is made to the plaintiff, the defendant can no longer continue seised, and he only being seised, the possession must be adjudged to be in him, because he has the right; and having the actual and rightful possession, he is immediately entitled to the profits against the defendant. If the defendant shall, notwithstanding, continue his former possession, it will be an injury to the possession of the plaintiff, who may maintain trespass for that injury. This conclusion results from construing the statute according to the natural import of the words. But justice to the plaintiff requires this construction. He has purchased and paid for the land in the state it was in, with all the crops growing at the time of the appraisement, and his execution is satisfied. To consider him, therefore, as not actually seised, and entitled to receive the profits by force of the *Ievy, but driven to an action, if the defendant choose [ * 220 ] to resist his entry, will be to deprive him of the profits for which he has paid, and to permit the defendant to receive them after he has received a valuable consideration for them; and for this injury the plaintiff must be remediless, or seek a remedy by a suit at law to recover damages. When we look into the terms on which the debtor may redeem his land, it is manifest that the statute con templated the creditor as in the immediate reception of the profits. For the debtor, to redeem, must pay to the creditor, or to the tenant in possession, within a year from the levy, the debt and interest, together with the charges and expenses of repairing and improving the estate, deducting the rents and profits that may have been received. This provision necessarily supposes the creditor or his tenant to be in possession, that he may have repaired and improved the estate, and that, having received the rents and profits, he must a.ccount for them towards the expenses of repairs and improvements. There is also express provision made to turn a stranger to the execution out of possession, who is under the defendant, when the execution is levied on the rents and profits, if he refuse to attorn and pay the rent to the creditor; and in that case to give possession to the creditor. It seems difficult to doubt the intention of the legislature, for language could not make it more plain.
By the statute of 1788, c. 51, it is enacted that when an executor or administrator shall have lands to set off to discharge any execution, the executor or administrator shall be seised and possessed of the real estate so set off to the use of such person as would have been entitled to the money, had the execution been satisfied with money. And the Court of Probate may make distribution thereof as personal estate. In this statute, made in pari materia, the provision is express that the executor or administrator shall be seised md possessed of the estate set off. And no reason can be assigned *190 why an executor or administrator, suing in outer droit, shall be deemed seised and possessed, and not a creditor suing in his own right.
It may, however, be objected, that this construction of the statute will be inconvenient, for the sheriff may levy the execu- [ * 221 ] tian * on lands not the defendant’s, and, under color thereof, wrongfully dispossess the right owner. When the construction of a statute is doubtful, an argument from inconvenience will have weight. The construction of the statute, which we are now considering, is not doubtful, but very clear; and besides the inconvenience suggested, if it ever arise, cannot arise in this case, for the judgment debtor was the tenant of the land.
Our opinion is, that, when an execution is regularly levied on lands of the defendant, and duly returned and registered, and seisin and possession delivered by the sheriff to the plaintiff, he may, by virtue of the seisin and possession so delivered, maintain either a real action, counting on his own seisin, or he may maintain trespass against the defendant, who shall continue his possession after the levy without the plaintiff’s consent (2).

Judgment according to verdict.

 [Gore vs Brazier, post, 523.—Wyman vs. Brigden, 4 Mass. 150.—Bigelow vs. Jones, 4 Mass. 512.—Barrett vs Porter, 14 Mass. 143.—Proctor vs. Newhall, 17 Mass 81 —Ed.]