## GOOKIN vs. WHITTIER.

Where two persons entered as tenants in common into lands, under a deed which, being defectively executed, did not pass the estate, their occupancy, being open and actual, operated a disseisin of the grantor ; so that a creditor of one of them having extended his execution on a moiety of the land, the original owner could not convey the whole land by deed to the other, to defeat the extent, without first avoiding the disseisin by a re-entry, or by judgment of law.

In this case, which was a petition for partition of certain lands in Lyman, the petitioner claimed to hold an undivided moiety in

common with the respondent, who defended the whole tract, under the plea of sole seisin.

At the trial, before the Chief Justice, the petitioner derived his title by extent, made *March* 15, 1823, by virtue of an execution in his favour against one *Jonathan Parker.* It appeared that one *Perkins* was formerly the owner of the whole tract, containing about 300 acres, principally wild land ; and that on the 7th day of *December* 1820 his attorney made a deed, intended as a conveyance of it to *Parker & Whittier* the respondent; but so defectively made and executed that it did not operate to pass any estate. The grantees, however, entered under this deed ; and *Parker* inclosed and cultivated several acres of the ground, and built a house, in which he continued to dwell, claiming title to the land, up to the time of the extent. It also appeared that *Parker* and *Whittier,* in *September* 1822, joined in a deed of conveyance of about twenty-five acres of the land to another person ; and that *Whittier* had at another time requested a neighbor to protect it against trespassers.

The extent of the petitioner's execution on the land was well known to *Whittier ;* who was also advised by counsel that nothing passed by the deed of *Dec.* 7, 1820. And on the 24th of *October* 1824, the day before the entry of this petition in court, he procured a release from *Perkins* purporting to convey the whole land to himself alone, in fee ; for the purpose, as he professed, of protecting himself, *Parker* having paid but a very small fraction of the purchase money, and having then become insolvent.

The Chief Justice ruled that the actual occupancy by *Parker,* and the extent on a moiety of the whole by the petitioner, which was duly recorded nearly fifteen months before the deed of *Oct.* 24, 1824, from *Perkins* to the respondent, operated a disseisin of *Perkins*; so that nothing passed by this last deed, and the plea of sole seisin was not supported. But he reserved the point for farther consideration, a verdict being returned for the petitioner.

*Emery,* for the respondent, argued that by the deed of 1820, *Perkins* was not disseised. The grantees entered in submission to his title, under which, and not against which, they professed to

hold. They were in by mistake, supposing that they had title when in fact they had none; and acknowledging, by necessary implication, that if the land was not theirs by the deed, it belonged to *Perkins.* The utmost that *Gookin* could claim by his extent, was the estate which his debtor had; and this not being a title by disseisin, the creditor could not thereby become a disseisor. *Parker*, therefore, not being disseised, might lawfully convey the land, which accordingly passed to the respondent by 'the deed of 1824. And it ought to operate to him only, he having paid nearly all the purchase money, for which he can have no other effectual remedy. *Portland Bank v. Hall* 13 *Mass.* 207. His title is in the nature of a tenancy by statute merchant, *Co. Lit.* 273. *a. note.*

This is not the case of a release to one of two joint disseisors; because they did not claim as joint tenants, but as tenants in common; and moreover there was no disseisin.

*E. Shepley*, for the petitioner, contended that *Perkins* was disseised; both by *Whittier* and *Parker*, who entered under their deed in 1820, claiming the land as their own, maintaining an open, actual and exclusive occupancy, and conveying part of it in fee; —and also by *Gookin* who acquired an actual possession by his extent. *Langdon v. Potter* 3 *Mass.* 215. *Ken. Proprs. v. Laboree* 2 *Greenl.* 275. These acts would be enough to disseise even a co-tenant. *Chapman v. Gray* 15 *Mass.* 446. *Bracket v. Norcross* 1 *Greenl.* 88. Hence nothing passed by the release to *Whittier* in 1824.; certainly nothing to the prejudice of the petitioner, who stands in the place of a purchaser from *Parker*, without notice of any equitable consideration between him and his co-tenant. The release therefore, so far as it is attempted to be set up against the petitioner, is a fraud on him, and cannot prevail. *Norcross v. Widgery* 2 *Mass.* 506. 1 *Pick.* 164. *Warren v. Child* 11 *Mass.* 222. So far as it can have any effect, it enures to the benefit of both parties. *Com. Dig. tit. Release. B.* 4.

WESTON J. delivered the opinion of the Court, as follows:

The respondent in this case pleads sole seisin in himself of the lands, whereof partition is prayed, upon a traverse of which, issue has been joined and a verdict having been returned for the petitioner, under the direction of the judge who presided at the trial, a motion has been made to set aside the verdict and to grant a new trial, on account of a misdirection of the judge in a matter of law.

The determination of the cause will depend upon the question whether, at the time of the execution of the release from *Elias Perkins*, upon which the respondent relies, *Perkins* was so seised of the moiety claimed by the petitioner, as that his title thereto could, consistently with the rules of law, pass to the respondent.

It is insisted that although the deed executed by the attorney of *Perkins* to *Jonathan Parker* and to the respondent, in *December* 1820, was inoperative to convey the estate of *Perkins*, it not having been executed in the manner required by law, yet that *Parker* having entered under color of that title, and thenceforward claiming the land described therein as his own, is to be considered as holding by disseisin. We have not deemed it necessary to consider how far this position is sustained by the facts, inasmuch as we are satisfied that the levy of the petitioner's execution upon the estate in possession of and claimed by *Parker* put the petitioner into the legal seisin of the land, of which *Perkins* would therefore, by the same act, be divested. The case of *Langdon v. Potter* 3 *Mass.* 215, and of the *Ken. Proprietors v. Laboree* 2 *Greenl.* 275 are authorities to this point. It is true that *Perkins* might at any time, within the period limited by law, by an entry into the land, put an end to the seisin of the petitioner, and thus reinstate himself in the possession as well as the title, so as to be in a condition to pass both to a third person; yet until this is done the law will not permit him to convey land continuing in the seisin of another. From the time of the levy the statute of limitations begins to run for the protection of the title of the petitioners, which may, by lapse of time, become indefeasible; unless it is seasonably vacated by peaceable entry.

or by judgment of law.   It results that the petitioner, being legally seised by his levy, the right alone remained to *Perkins*, which he could not by law convey to the respondent.   He could not therefore be sole seised, as he has alleged in his plea, and the jury having been instructed to this effect, there must be

*Judgment on the verdict.*