EDWARD FOX & *al. versus* CHARLES HARDING.

The purchaser of an equity of redemption, where the mortgagee has not made an entry, may maintain an action of trespass, *quare clausum*, against the mortgagor in possession to recover the rents and profits, and without previously making an entry.

TRESPASS *quare clausum* for breaking and entering the plaintiff's close, being a dwellinghouse in Portland. The defendant had purchased a house of George Sumner, and mortgaged the same back to him to secure the sum of 2300 dollars. Andrew Gilman recovered judgment against the defendant in October, 1838. The right of the defendant to redeem was seized on execution and legally sold, Dec. 15, 1838, to the plaintiffs, and the officer conveyed to them by deed of the same date. Harding had been in possession before the sale of the equity, and continued in possession until Dec. 1839, when the mortgagee, for the first time, entered into possession to foreclose his mortgage. For the purpose of settling the facts, the jury were instructed by SHEPLEY J. then presiding, that the plaintiffs on this testimony might maintain the action. A verdict for the plaintiffs was taken for the amount of damages from the time of the sale of the equity to the time of the entry of the mortgagee, which was to be set aside and a nonsuit entered, if the plaintiffs were not entitled to recover.

*Harding*, for the defendant, contended, that as the plaintiffs had no title, except as purchasers of the equity of redemption, and having made no entry into the premises, they could not maintain the action. Possession in fact is necessary to maintain an action of trespass against the defendant, who had always been in possession. *French* v. *Fuller*, 23 Pick. 104 ; *Rising* v. *Stannard*, 17 Mass. R. 282 ; *Taylor* v. *Townsend*, 8 Mass. R. 411.

*Codman & Fox*, for the plaintiffs, said that the sheriff's deed was as good as Harding's. St. 1821, c. 60, § 17.

Until the mortgagee takes possession, he is not entitled to the rents and profits. The rents belong to the plaintiffs. *Wyman* v. *Hook*, 2 Greenl. 337 ; *Wilder* v. *Houghton*, 1

Pick. 87 ; *Boston Bank* v. *Reed,* 8 Pick. 459 ; *Langdon* v. *Potter,* 3 Mass. R. 215.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendant had mortgaged the premises to Sumner, who had not entered to foreclose. The right in equity to redeem was seized and sold on execution and purchased by the plaintiffs ; and the officer conveyed the estate to them subject to the rights of the mortgagee. The defendant continued to occupy the premises ; and the plaintiffs have brought an action of trespass to recover of him the rents and profits received after his estate had been conveyed to them. It has been decided, that the defendant is not accountable to the mortgagee before his entry to foreclose. *Boston Bank* v. *Reed,* 8 Pick. 459. The statute of 1821, c. 60, § 17, provides, " that all rights in equity of redeeming real estate mortgaged shall be liable to be taken in execution upon judgment for the payment of the just debts of the mortgagor or owner." And the officer is authorised to make sale of the same at public vendue, and to make, execute, and deliver, to the highest bidder good and sufficient deed or deeds of any estate so sold." The eighteenth section provides " that all deeds made and executed as aforesaid shall be as effectual to all intents and purposes to convey the debtor's right in equity aforesaid to the purchaser, his heirs and assigns, as if the same had been made and executed by such debtor or debtors." It appears to have been the intention, that the purchaser should be immediately entitled to take the rents and profits, for the debtor is entitled to redeem the estate from him within one year upon paying the amount and interest, " deducting the rents and profits the purchaser, or any under him, may have received over and above the repairs and betterments made by the purchaser or any under him." The law, by declaring that the deed of the officer shall be as effectual to all intents and purposes as his own deed, designed that his right to occupy should be extinguished by that conveyance. After a conveyance by himself he could not lawfully continue his occupation without the consent, actual

or implied, of his grantee. He is supposed to have received by the sale made by the officer the full value of all his rights, including the rents and profits, before the entry of the mortgagee, by having the same applied to the payment of his debts. The plaintiffs therefore appear to be entitled by the statute to the rents and profits and to have an equitable claim to recover them. Their rights in this respect are analogous to those acquired by a creditor, who has made a levy on his debtor's estate. In such case the officer delivers seisin and possession of the estate to the creditor, but this is usually only a nominal possession, the debtor being left in the actual occupation of it. And a conveyance by deed duly acknowledged and registered is by statute made equivalent to livery and seisin. *Higbee* v. *Rice*, 5 Mass. R. 352. The grantee by the conveyance becomes legally seised, and in the language used in the case of *Langdon* v. *Potter*, 3 Mass. R. 215, " he only being seised, the possession must be adjudged to be in him because he has the right." And it is also said in that case, " if the defendant shall notwithstanding continue his former possession, it will be an injury to the possession of the plaintiff, who may maintain trespass for that injury."

The defendant contends, that the plaintiffs, to maintain an action of trespass, must prove, that they were in the actual possession, and relies upon the case of *French* v. *Fuller*, 23 Pick. 104, where it is said " to maintain an action of trespass *quare clausum* for an injury done to real property the plaintiff must prove, that he has the actual possession of the property; for though the freehold of the land may be in him, he cannot maintain the action, if the land at the time of the trespass was in the lawful possession of another." What is meant by actual possession is shewn by the latter part of the sentence to be such a possession, that no person can legally claim it against him. And in the same sense similar language is used in the case of *Langdon* v. *Potter*, where it is said, that the creditor " having the actual and rightful possession, he is immediately entitled to the profits against the defendant," although he had never actually occupied the premises.

It was decided in the case of *Wyman* v. *Hook*, 2 Greenl. 337, that assumpsit for use and occupation could not be maintained by a person, who claimed title by levy against the former owner, who remained in possession ; because there was no contract between them either express or implied. There could be none in this case ; and the plaintiffs must recover, if at all, by an action of trespass ; and there does not appear to be any technical difficulty to prevent it. For it is not contended, that the plaintiffs could not maintain an action of trespass after an actual entry against one, who should continue to occupy without right. And proceedings have taken place, which the law regards as equivalent to such an entry. It declares, that the deed of the officer shall be as effectual as the deed of the debtor, and that the deed of the debtor duly acknowledged and recorded shall be equivalent to livery and seisin, which are more effectual to transfer the possession, than an entry by the grantee without a continued possession ; for in these are included not only an entry by the grantee, but also a transfer of the possession to him by the grantor. Hence the law must conclude, that the grantee of the officer had received possession, and that the entry of the debtor upon him would be a trespass. In this case the legal effect in this respect is the same as it would have been, if the debtor's estate had been unincumbered, and he had conveyed it to the same grantees by a deed duly acknowledged and recorded. And in such a case to determine, that the grantee had not legally entered and received possession, would be to deny, that these proceedings have the effect, which the statute declares that they shall have ; and to require also some other act or ceremony to pass the estate, such as an entry, where the statute says, that the deed shall be effectual " without any other act or ceremony in the law whatsoever."

The difference in the effect of a conveyance by an executor or administrator, and one by an officer, will be found in the difference of language in the two statutes. The deed of an executor or administrator is to " make as good a title to the purchaser, his heirs and assigns forever, as the testator or intes-

tate had therein." The deed of the officer, says the statute, "shall be as effectual to all intents and purposes" "as if the same had been made and executed by such debtor or debtors."

The executor or administrator has only a naked power to sell. He is not entitled to the possession of the estate, which he sells, and is not therefore supposed to be in possession. And he may sell lands fraudulently conveyed by the testator or intestate, as well as lands, of which the deceased had been disseised. Hence he is not authorised to do more than convey such *title* as the deceased had ; and the mere execution of a power to convey the title by one not in the possession has little analogy to a conveyance by the owner, who is regarded as in the actual possession. And the statute does not declare that it shall have any other effect, than to convey whatever title the deceased had in the estate;

*Judgment on the verdict.*

