## CLAPP v. UNION MUT. FIRE INS. COMPANY.

A creditor, to whom real estate in Vermont had been set off on execution, the time limited for the debtor to redeem it not having expired, in an application for insurance in a company, whose rules required a true statement to be made by the applicant of the situation of the property, as regards the risk and value thereof, and " of his title and interest therein," represented the property as his. *Held,* that there was no such misrepresentation or concealment as would avoid the policy.

ASSUMPSIT, to recover $700, upon a policy of insurance, dated September 10, 1850.

On the 9th day of September, 1850, one Lorrin Miller, of Richford, Vt., made application to the defendants for insurance upon certain real estate, situated in said Richford. To the question in said application, " Whose is the property insured ?" he answered, " Lorrin Miller's." To the question, " Is the property incumbered ?" the following answer is given : " One mortgage to Homer E. Royce, now due about $36,00, one mortgage to Silas P. Carpenter, now due $25,00." On the 23d day of October, the said Lorrin Miller mortgaged the premises described, and assigned the policy to the plaintiff, to secure the payment of $175, payable in six months, to which the directors of said company duly consented.

The title to said property was as follows:—

On the 22d day of May, 1850, said premises, being the property of one Henry Miller, were set off, on execution against said Henry Miller, in favor of said Lorrin Miller, subject to said mortgages to said Royce and Carpenter. Said Lorrin Miller immediately took possession of said premises, and had such possession at the time of the obtaining of said policy, and at the time of the loss, the said Henry Miller's right of redemption from said levy not having expired at the time of obtaining said policy, or at the time of the loss:

The by-laws provide (Art. 17) that the applicant for in-

surance shall make a true representation of the situation of the property on which he requests insurance, so far as concerns the risk and value thereof, and of his title and interest therein. And in case the application is made through an agent, the applicant shall be held liable for the representations of such agent.

Art. 18. Any mortgagee may insure his interest in any property in his own name, without reference to the mortgagor, in the same maner as insurance is effected on other property; provided that said mortgagee shall procure a certificate from the mortgagor that said property is not insured at any other office."

It was agreed that the opinion of this court be taken, as to whether the answers to the questions before referred to are such a misstatement, or concealment of title, as avoids the policy under the by-laws, and as the opinion of the court shall be, the plaintiff shall recover the sum and interest, to secure which said policy was assigned, (the question as to the defendants' further liability to be tried by the jury,) or become nonsuit.

*Peaslee & George,* with whom was *Ainsworth,* for the plaintiff.

The sole question in this case is whether Lorrin Miller, (who mortgaged the premises insured to the plaintiff,) having an execution title to the premises insured, so misstated in calling the premises "Lorrin Miller's," as to avoid the policy.

We think he did not.

I. Because he had actual possession of, and actual title to, the premises, subject to be defeated by the act of a third person. Until defeated, his title to, and control of the premises, is perfect. It never has been defeated, and without any change whatever, except mere lapse of time, he has acquired a fee simple.

II. The question whether Lorrin Miller had a fee simple

or an execution title to the premises could in no way affect the risk. So long as the title of Lorrin Miller remained undefeated, the company would have their lien upon the premises for the payment of the deposit note.

If his title were defeated, then the policy would become void, as by any other alienation under the charter and by-laws of the corporation.

III. Lorrin Miller's title to the property insured is a freehold in law, subject to defeasance, and is the same as a mortgagee's title, by which he has an insurable interest. It is not necessary that the applicant should make known the nature of his interest. *Lock* v. *N. A. Ins. Co.*, 13 Mass. Rep. 61 ; *Bartlett* v. *Walter*, 13 Mass. Rep. 267.

The insured is not bound to disclose the particulars of his title. If he has a free-hold interest, it is sufficient to say the property is his, although not positively correct. *Curry* v. *C. Ins. Co.*, 10 Pick. 535.

*Fowler*, for the defendants.

WOODS, J. By the policy of insurance and the application to which it refers, Lorrin Miller became a member of the Union Mutual Fire Insurance Company, bound to conform to the requirements of its by-laws, and to pay certain assessments made, or to be made, upon his premium note. In consideration of this, the company undertook to indemnify him, to the extent set forth in the policy, against casualties by fire.

Among the requirements of the by-laws, are those contained in articles 17 and 18, which are as follows :—

" The applicant for insurance shall make a true representation of the situation of the property on which he requests insurance, so far as concerns the risk and value thereof, and of his title and interest therein. And in case the application is made through an agent, shall be held liable for the representation of that agent."

" Any mortgagee may insure his interest in any property in his own name, without reference to the mortgagor, in the same manner as insurance is effected on other property; provided the said mortgagee shall procure a certificate from the mortgagor that said property is not insured at any other office."

The contract is one of indemnity, and the assured must have an interest in the property, or the contract is of course entirely void, as a mere wager.    3 Kent Com. 371.

And the by-laws of the company, and the representations in the application made in pursuance of those by-laws, are part of the contract on the part of the assured, a breach of which exempts the company from their undertaking. *Holmes* v. *Mut. F. Ins. Co.*, 10 Met. 211.   And the defendants have accordingly founded a defence in the present action, upon an alleged non-compliance on the part of the assured, with this agreement to represent truly his title and interest in the property.

The alleged misrepresentation consists in his answer to the inquiry propounded in the application, namely, " Whose is the property insured ?"   To which his answer was " Lorrin Miller's."   And in his omission to state, in answer to the question, " Is the property incumbered ?" that his title was under an execution, and that the right of the judgment debtor to redeem, had not expired.

What were the laws of Vermont, where the property lay, in regard to the manner and effect of setting off land on execution, does not appear in the case, but it has been decided there, that the levy of an execution upon an equity of redemption, and a set-off of the same to a creditor of the mortgagor, subject to the incumbrances, will pass his title to such execution creditor, who upon redemption will have the whole title.    *Collins & a.* v. *Gibson & a.*, 5 Vt. Rep. 343.

In Massachusetts, where the interest of a creditor under an extent has been a topic of frequent discussion, it is well settled that upon the completion of the levy, all the defend-

ant's interest in the land is transferred to and becomes the property of the plaintiff. The creditor is purchaser of the estate for the full value. He has the possession 'and seizin of it, and may maintain, at his election, either a real action, counting upon his own seizin, or trespass against the defendant, who shall continue his possession after the levy, without the plaintiff's consent. *Langdon* v. *Potter*, 3 Mass. Rep. 215; *Gove* v. *Bazier*, 3 Mass. Rep. 523; *Wyman* v. *Brigden*, 4 Mass. Rep. 150. And it has there been further decided, that a debtor, after such levy, has not any interest or estate in the land. He is not a free-holder. He has only a possibility or right to an estate, on payment of a certain sum of money. *Kelly* v. *Beers*, 12 Mass. Rep. 388. He has no interest that a creditor can attach, although he has an equitable interest that he may assign by way of mortgage. *Kelly* v. *Beers*, ub. sup.; *Reed* v. *Bigelow*, 5 Pick. 281.

By our revised statutes, indeed, his interest may be attached, in which respect it is like a mere right to receive a conveyance by any contract. Rev. Stat. ch. 184 § 5. Still the character of the estate acquired by the levy is a fee simple; and its liability to be defeated by a condition subsequent, does not, according to Judge *Blackstone*, derogate from its quality as a free-hold. 2 Bl. Com. 156.

There can be no doubt, then, that the representation that the premises were " Lorrin Miller's," taken in connection with the additional fact represented, that the same were incumbered with the mortgages to Royce and Carpenter, was " a true representation of the situation of the property, so far as concerned the risk and value thereof, and of his title and interest therein," unless his omission to set forth the right of the debtor to redeem the estate from the levy, can be regarded as an omission of a fact material to the risk, and as making the representation, in a legal sense, false. And we think it cannot be so regarded. It surely could not be considered as a misrepresentation in the owner of lands,

who had incumbered the same himself by mortgages, and who should represent them as being his own property, while at the same time he should state truly the fact of the existence of the incumbrances ; and it would not be the more a misrepresentation, merely for the reason that the premises were incumbered by another, who was at the time the owner, but who had since conveyed the premises to the applicant for insurance, subject to the incumbrances.

The effect of the levy of the execution of Lorrin Miller upon the equity of redemption of John Miller, if valid, was to give to Lorrin. Miller the right to redeem from the mortgages of Royce and Carpenter, and upon such redemption being made, to vest the whole title to the estate in him. *Collins & a.* v. *Gibson & a.*, before cited. The language of the court in that case is thus : " But as the debt of the plaintiffs took all Gibson's (the mortgagor's) right, and as the plaintiffs could not hold at all against Stewart, (the mortgagee,) but their levy gave them the right to redeem from Stewart's mortgage, when such redemption was made, the whole title would be in the plaintiffs."

In the present case, no exception is taken to the validity or sufficiency of the levy, to vest in Lorrin Miller all the title which John Miller had at the date of the levy. Lorrin Miller had, then, according to all the authorities, all the title, subject to the two mortgages.

The right of John Miller to pay the debt and re-vest the title in himself, was in no sense an incumbrance. In point of fact he never exercised it. If he had, no other result could have ensued, as regards the defendants, than the avoidance of the policy, as in cases of alienation of the property insured. The omission to represent the right of John Miller to pay the debt and re-possess himself of the title to the land could work no mischief to the insurance company. The happening of the event could only operate to relieve them of their undertaking of indemnity.

As there is no evidence from which it is necessary to infer

fraud in this case, the suppression or misrepresentation relied upon must, in order to vitiate the policy, be shown to relate to a matter material to the risk. No attempt is made to point out the materiality of the concealment, and it was evidently not material.

According to the agreement contained in the case, therefore, there must be—

*Judgment for the plaintiff.*