*Addison,*
January,
1827.

## THOMAS R. ROBINSON *vs.* NATHAN DOUGLASS.

The defendant, in 1818, conveyed to one S. fifteen acres of land, who, in 1822, conveyed the same fifteen acres to the plaintiff. At the time of the defendant's conveyance to S. seven acres, claimed by the plaintiff to be part and parcel of the said fifteen acres, was, and ever since has continued to be, enclosed by the defendant with other lands owned by him; and the defendant, during all the time, has occupied and improved the said seven acres, claiming title to the same, and as not included in his conveyance to S.—*Held,* That the defendant's possession was adverse to S. and that the deed from S. to the plaintiff, as to the seven acres, was therefore void.

THIS cause came before the Court on a motion for a new trial, founded on exceptions taken by the plaintiff, on the trial of the issue in the county court.

The action was for a trespass on certain lands in *Monkton.* The trespass complained of was alleged to have been commit-

ted on a tract of seven acres of land, claimed by the plaintiff to be parcel of fifteen acres, conveyed by the defendant to *Moses Scott*, on the 13th of March, 1818, and by Scott to the plaintiff, on the 24th of September, 1822. Previous to the defendant's deed to Scott, the said Scott had fenced out all of said premises except the said seven acres, and continued to occupy the part thus fenced out, up to the time he conveyed to the plaintiff. At the time of the defendant's conveyance to Scott, the tract of seven acres was, and has ever since continued to be, inclosed by the defendant with other lands owned by him; and the defendant, during all the time, has occupied and improved the premises, claiming title to the same, and as not included in his conveyance to Scott. The question presented, and the only one raised by the exceptions, was, whether, on these facts, the defendant's possession is to be deemed adverse to Scott, and the deed from Scott to the plaintiff, as to the seven acres, therefore void.

*Hawley*, for the plaintiff, contended, in support of the motion, that the deed from *Scott*, of the fifteen acres, including the seven acres in question, was for the same land which *Douglas* deeded to Scott in 1818, and that the plaintiff's deed from Scott was not void under the statute, although Douglas had remained in possession of the seven acres after his deed to Scott, and was in possession of the same, claiming title thereto, at the time Scott conveyed the same to the plaintiff. To be regarded as void as to the seven acres, it is necessary that Douglas should have obtained a possessory title to the seven acres, or held the same under a title adverse to Scott.

The plaintiff claims title to the premises under Douglas. Their title to the seven acres is, therefore, one and the same title, and not adverse.

If Douglas conveyed to Scott the seven acres as part and parcel of the fifteen acres, in retaining possession of the seven acres, he is regarded in law as tenant at will to Scott or his assigns.---*Jackson* vs. *Stumburgh*, 1 *Johns. Cas.* 154.

That, if Douglas conveyed the seven acres as aforesaid, he is estopped, by his deed of the premises, to deny the plaintiff's title to the same.

*Bates*, contra. The statute provides that all bargains, sales, deeds, &c. shall be void, "when any person shall be in actual possession of said lands," &c. "claiming the same by possession, or in any other way adverse to the lessor," &c. The principle was the same at common law before the statute passed. In applying the principles of the common law, and in construing this and similar statutes, the courts have always held, that the presumption is in favour of the possession being in conformity to the title, and not *adverse*. And though the defendant may continue to possess after the levy of an execution or sale at vendue, or otherwise, the possession is presumed not to be adverse. But when there is proof of an actual adverse claim,

*Addison,
January,
1827.*

Robinson
*vs.*
Douglas.

*Addison,*
January,
1827.

Robinson
*vs.*
Douglas.

however unfounded, it comes within the letter of the statute, and the spirit also, the object of it being to prevent law-suits.--- *Adams on Ejectment, p. 47-8-9-50, and notes.*

In this case, the fact was admitted on trial by the defendant's counsel, (though it had never been admitted by him,) that the disputed premises were included in a deed from the defendant to the plaintiff's grantor. But it appeared that the plaintiff's grantor, on receiving that deed, fenced out all the land described in it except the disputed premises, and occupied the same. That the disputed premises "lay in common with the defendant's other lands"---"and that he ever claimed the same as not a part of the fifteen acres" conveyed in the deed, "and claimed title to, and occupied and improved the same" for many years, and when the plaintiff received his deed. In other words, the defendant occupied and used the disputed premises, and claimed that they were not within the boundaries of the deed he had given. The plaintiff's grantor, in order to get rid of the trouble of a law-suit, sold to the plaintiff. It is difficult to conceive a case more clearly within the letter and spirit of the statute.

PRENTISS, J. after stating the above facts in the case, delivered the following opinion of the Court.

It is an establishdd principle of the common law, that a conveyance of lands, where there is a disseizor in actual possession, is inoperative and void. But, notwithstanding this principle, it seems to have been formerly considered in this state, that a conveyance, made in the manner prescribed by the act regulating conveyances of real estate, was effectual to transfer the title, although there was an actual adverse possession at the time. The act provides, that all deeds and other conveyances of lands, signed and sealed by the party granting the same, having good and lawful authority thereunto, and witnessed, acknowledged and recorded, as the act requires, shall be valid to pass the same, without any other act or ceremony in law whatever. (*Comp. Stat. p.* 167, *s.* 5.) It seems to have been supposed that this act abrogated the common law, and gave to every conveyance, having the prescribed requisites, the effect of a perfect title. But it is somewhat difficult to see how the act could admit of this construction. There is surely nothing in it which is repugnant to the rule of the common law, or which affords any implication of a repeal of it. The act speaks of, and is in terms limited to conveyances of lands, granted by a party, *having good and lawful authority thereunto;* and it merely provides, that conveyances made in the manner prescribed, by a party having such authority, shall be effectual to transfer the lands, without any other act or ceremony whatever. The act does not enable any person to convey lands, who has not good and lawful authority to make the grant, nor does it ascertain who has, or has not such authority, but leaves this to be settled by the rules of the common law; and as a party, when disseiz-

*Addison,*
*January,*
*1827.*

Robinson
*vs.*
Douglas.

ed of lands, has, by the common law, no authority to grant them, it would seem quite evident, that the act did not give effect to his conveyance. The common law considered, that to allow a conveyance under such circumstances, would open the way to the sale of pretended and disputed titles, and thus necessarily lead to litigation and oppression ; and certainly, nothing short of express words, or necessary implication, would justify a construction of the act, in opposition to a principle so wise and salutary.

But a discussion of the point, whether the common law, in this respect, remained in force in this state, has become of no importance, since the legislature have interposed, and by the statute of 1807, provided, "that all bargains, sales, deeds, leases, and other conveyances of lands, &c. where any person shall be in *actual possession* of said lands, &c. claiming the same by *possession,* or *in any other way,* adverse to the lessor, vendor or grantor, shall be null and void, and of no effect in law, to convey said lands, &c." (*Comp. Stat. p.* 171.) The words of the statute, "*claiming the same by possession, or in any other way, adverse to the grantor,*" are very strong and comprehensive, and must embrace every case of an entry on land, and possession of the same, claiming title. The argument on the part of the plaintiff, that as the seven acres were parcel of the fifteen acres conveyed by the defendant to Scott, the defendant must be regarded as having occupied the premises, after the conveyance, as tenant at will to Scott, and therefore his possession cannot be considered adverse, would be well founded, if there was no evidence of an actual ouster or disseizin, or that which is equivalent thereto. According to the case of *Jackson* vs. *Sternbergh,* 1 *Johns. Cas.* 153, the defendant, after his deed to Scott, would, in common intendment, become *quasi* his tenant at will, and would be deemed to continue in that character, until an actual disseizin or disclaimer on his part. The presumption, without doubt, always is, that the grantor, who remains in possession of the land granted, after the conveyance, holds in subordination, and not adverse to the title of the grantee. This, however, is not a conclusion of law, which cannot be rebutted ; but facts may exist which will remove the presumption, and make the possession adverse. The possession of one tenant in common, is, in common presumption, the possession of both. Yet if one tenant in common enters into the actual and exclusive possession of the lands, taking the rents and profits to his own use, and openly asserts his own exclusive property in the lands, denying the title of any other, it will be considered as an adverse possession by him, and an ouster of the other tenants. (*Cummings* vs. *Wyman,* 10 *Mass.* 464.---*Chapman* vs. *Gray,* 15 *Mass.* 439.)

It is true, as has been argued, that the grantor is estopped to aver against his own deed, or, in other words, to say that the estate conveyed did not pass by the deed ; but he is not estopped to say that the land in question is not contained in the

*Addison,*
January,
1827.

Robinson
*vs.*
Douglas.

deed, or that he has since acquired a title by ouster and adverse possession. The location or extent of land granted, is often a matter of controversy, and frequently very difficult to determine. Where the owner of a tract of land conveys a part of it, still remaining in possession of the residue, and occupying and claiming as a portion of the residue, land which the grantee contends is covered by the conveyance to him, it would seem not to admit of a doubt, that if the grantor remains in possession fifteen years, he would acquire a title to the land, claimed and occupied by him as ungranted, although it might turn out in fact to be included in his conveyance to the grantee. And yet it could be so only upon the ground that the possession is adverse. In the present case, the defendant claimed that the tract of seven acres was not included in his deed to Scott, and he occupied it from the date of the deed, not as a part of the fifteen acres conveyed to Scott, and recognizing Scott's right to it, but as his own, claiming title to the same. He possessed it, therefore, under claim of title, hostile to Scott; and such possession, and claim of title, amount to an ouster or disseizin. The defendant was in the *actual possession* of the land, *claiming the same, adverse* to the plaintiff's *grantor,* within the very letter of the statute; and we have no doubt, therefore, that his possession was adverse, and, consequently, that the deed from Scott to the plaintiff, as to the seven acres, is void.

As the plaintiff acquired no title to the *locus in quo,* under the deed from Scott to him, on account of the adverse possession, the question does not arise, whether a title or right of property, without actual possession, is sufficient to maintain this action. It may be observed, however, upon this as a general question, that although the action of trespass *quare clausum fregit* is founded on possession, and not on the right, yet, where there is no adverse holding, the possession is considered as following the property, and is deemed to be in him who has the title. (*Jackson vs. Gilchrist,* 15 *Johns. Rep.* 89.---*Langdon vs. Potter,* 3 *Mass.* 215.---*Green vs. Liter,* 8 *Cranch,* 229.) A conveyance, deriving its effect under the statute 27, *H.* 8, *c.* 10, commonly called the statute of uses, gives the bargainee a complete seizin in deed, unless there be adverse seizin, without actual entry or livery of seizin. (*Harg. Co. Litt. n.* 271.) And in an anonymous case in *Cro. Eliz.* 46, it is stated to have been the opinion of divers justices, that *cestuy que use* is immediately and actually seized and in possession of the land, so as he may have an assize or trespass, before entry, against any stranger who enters without title; and this by the words of the statute, "*that cestuy que use* shall stand and be seized," &c. As our statute, regulating conveyances of real estate, is, in substance, like the statute of uses, and gives to deeds the same legal effect, it would seem clear, that the legal seizin carries with it the possession, and is sufficient to enable the owner to maintain trespass, unless the injury is done to a tenant in actual posses-

sion, or there is an adverse holding, and the injury is committed subsequent to the disseisin.

Judgment for the defendant affirmed.

*Noah Hawley* and *S. S. Phelps*, for the plaintiff.

*R. B. Bates*, for the defendant.