JOSEPH S. WELLS v. HENRY STECKELBERG.

52  597
53  503
52  597
f59  96

FILED NOVEMBER 4, 1897.   No. 7113.

1. **Estoppel by Deed.** One who in a representative capacity assumes to sell and convey to another the entire estate in land, is estopped as against the purchaser from asserting an estate in his own right in the same land, and this although the first sale and deed were void.

2. ———: QUITCLAIM: EJECTMENT. A mother died intestate seized of land in which her husband took an estate by the curtesy and her infant son the remainder in fee. The father applied to the district court, falsely alleging that he had been appointed guardian of the son and obtained license to sell the land. In the petition he averred that the land was the son's and alleged other facts from which an estate in fee in possession was inferable. He sold the land under the license and in the deed recited that he was guardian and recited all the proceedings in such manner as to make them appear valid. The deed purported to convey the whole estate and also the right of "the party of the first part," to-wit, the father. Thereafter the father executed to the son a deed of quitclaim, and the son on reaching his majority, and during the father's lifetime, brought ejectment against the purchaser at guardian's sale, claiming that such sale was void. *Held*, (1) That the father was estopped from setting up his life estate against the purchaser; (2) that the estoppel operated equally against his grantee by quitclaim; (3) that ejectment being a possessory action the son's right of action must be traced through the deed to the current life estate, and not as heir to the remainder, and that the action must therefore fail.

REHEARING of case reported in 50 Neb., 670. *Judgment below affirmed.*

*George G. Bowman, Albert & Reeder,* and *J. A. Ehrhardt,* for plaintiff in error.

*W. W. Young* and *Allen, Robinson & Reed, contra.*

IRVINE, C.

This case is before us on rehearing. The former opinion, 50 Neb., 670, contains a statement of the facts, which, with one or two incidental additions, is sufficient for the purposes of the present inquiry. The former decision was based on the proposition that inasmuch as plaintiff's father, John B. Wells, had never been appointed guardian of the plaintiff, there was no jurisdiction in the district court of Platte county to grant him a license to sell the infant's land. Our attention is now for the first time called to certain facts which render a re-examination of that question at present unnecessary. On the death of plaintiff's mother the law did not cast the descent immediately in plaintiff. He then took an estate in remainder, his father acquiring an estate for life as tenant by the curtesy. Ejectment is a possessory action. In order to recover the plaintiff must plead, and under the general issue must prove, not only a legal estate in himself, but a present right of possession. Unless both facts are established the defendant prevails. (Code of Civil Procedure, secs. 626, 627; *Dale v. Hunneman,* 12 Neb., 221; *Staley v. Housel,* 35 Neb., 160; *Wanser v. Lucas,* 44 Neb., 759; *George v. McCullough,* 48 Neb., 640.) It is therefore apparent that plaintiff could not prevail in this case, although the guardian's sale were absolutely void, unless either the father's life estate had determined or had ·in some way passed to the plaintiff. It had not determined by the death of the life tenant; but in order to show that it had passed to the plaintiff there was introduced in evidence a deed of quitclaim from John B. Wells to Joseph S. ·Wells, bearing date August 31, 1891. This operated merely to pass such estate as remained in the father at that time. Had he then any title or right which could be asserted against the defendant?

Recurring now to the proceedings and sale through

which the defendant claims title, it is found that, in the petition for license to sell, John B. Wells not only describes himself as the guardian of Joseph S. Wells, duly appointed by the probate court of Platte county, but he alleges and swears that Joseph S. Wells is the owner of the land, together with other land likewise inherited from the mother. Nothing is said about there being a particular estate in himself, but on the contrary there are allegations concerning rents and their application from which it is directly inferable that the minor's estate was one in fee simple in possession. The facts from which John B. Wells' estate by the curtesy arose are not alleged, nor does the fact appear that the ostensible guardian was also the father of the minor. There was nothing in the record to notify defendant that there was a life estate outstanding. On the other hand, the conduct of the tenant of that estate was such as to induce the belief that there was not. On this petition a license was obtained directing the sale of the land, not of an expectancy therein. The report showed that the land was sold. Finally John B. Wells conveyed it to defendant—apparently the fee, certainly not merely the interest of Joseph S. Wells, unless every guardian's deed is to be given that limited effect. The form and contents of this deed require notice. It opens as follows: "This indenture, made this 3d day of December, A. D. 1883, between John B. Wells as guardian of Joseph S. Wells, a minor, duly appointed by the probate court of Platte county, state of Nebraska, party of the first part, and Henry Steckelberg, of Madison county, said state, party of the second part." Then follow recitals of all the proceedings, from which they appear valid and regular. The granting part of the deed is as follows: "Now this indenture witnesseth, that the said John B. Wells, guardian as aforesaid, by virtue of the premises and in consideration of the said sum of three thousand and forty dollars, to him paid by the said Henry Steckelberg, the recipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by

these presents does grant, bargain, sell, and convey, unto the said Henry Steckelberg and to his heirs and assigns forever the said land [describing it], together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, and also all the estate, right, title, interest, property, possession, claim, and demand whatsoever of the said party of the first part of, in, and to the same, or any part thereof." The deed closes with a covenant that Wells "took the oath and gave the bond by law required, and gave public notice of said sale as above set forth, and in all things observed the requirements of the law and of said orders in said sale." Note that the deed recites that John B. Wells was the duly appointed guardian; that it purports to convey the fee, without reserving or excepting any particular estate; that to the grant of the ward's estate is added an express grant of the title of the "party of the first part," a clause which can be given no independent effect unless as conveying John B. Wells' title, and that it closes with a covenant that all the requirements of the law have been observed.

We are of opinion that under the circumstances John B. Wells was estopped, both by deed and *en pais*, from setting up his own life estate against the defendant, and that the estoppel continued as against his grantee by quitclaim. There is in the deed no covenant of title or of warranty, but to create such an estoppel covenants seem unnecessary. As said by the supreme court of the United States, reviewing the authorities and enforcing an estoppel under somewhat similar facts: "If a deed bears on its face evidence that the grantors intended to convey and the grantee expected to become invested with an estate of a particular description or quality, and that the bargain had proceeded upon that footing between the parties, then, although it may not contain any covenants of title in the technical sense of the term, still the legal operation and effect of the instrument will be as binding upon the grantors and those claiming under them, in

respect to the estate thus described, as if a formal covenant to that effect had been inserted." (*Van Renssalaer v. Kearney*, 11 How. [U. S.], 297.)

That an estoppel arises against the assertion of a right in oneself by reason of a conveyance made in a representative capacity, see *Poor v. Robinson*, 10 Mass., 131. In that case a release was made by executors purporting to act under a power in the will. The power did not in fact extend to the estate in question, and the court held that the release was void. But it happened that the executors were also heirs, and the court further held that as such they were estopped from setting up title as against the release they had made as executors. (See, also, *Little v. Giles*, 25 Neb., 313.) The present right of the plaintiff depends not on his inheritance of the remainder, but on his father's conveyance to him of his life estate. This the father and those claiming under him are estopped from setting up as against the prior conveyance by the father to the defendant. It follows that the judgment of the district court is

AFFIRMED.

POST, C. J., not sitting.