# Byron C. Darling v. Lewis Ennis and Pauline Ennis

[415 A.2d 228]

No. 97-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Costes, District Judge, Specially Assigned

Opinion Filed April 17, 1980

*Arthur J. O'Dea, P.C.*, Manchester Center, for Plaintiff.

*William C. Sennett*, Bennington, for Defendants.

**Daley, J.** This is an appeal from an order of the Bennington Superior Court that denied plaintiff's action for ejectment on the ground that defendants had adversely possessed the land in question for a period in excess of fifteen years. 12 V.S.A. § 501. The superior court's order was based on and adopted the report of the master who heard the case. See V.R.C.P. 53. The master found that in 1947 Frederick Squiers, joined by his father Marvin Squiers, and his wife Mary Rita Squiers, conveyed a lot of land, consisting of three parcels, located in the Town of Arlington, to Sarah V. B. Vedder. From this conveyance, the grantors reserved a spring on the east side and a small parcel in the northeast corner of the land conveyed.

In 1967, Sarah V. B. Vedder conveyed the Arlington property to the plaintiff.

The master also found that in the early 1930's Frederick Squiers built a hunting camp near the eastern boundary of the Arlington property. In 1947, Frederick Squiers placed steel pipes in the ground to mark the boundaries of the hunting camp property. Although the reservation from the 1947 deed does not correspond with the hunting camp property, Mary Rita Squiers with her husband Frederick, and later with her second husband, Willard E. Best, continued to occupy the hunting camp property for 22 years, from 1947 until 1969. In 1969, Mary R. Best (formerly Squiers) and Willard E. Best conveyed the hunting camp property to defendants, who have occupied it and actively improved it to the date this action was commenced.

■■ Plaintiff has briefed three claims of error. First, he argues that the evidence is not sufficient to support the elements of an adverse use prior to defendants' acquisition of the property in 1969. Second, plaintiff argues that occupancy by a grantor of realty absolutely conveyed is presumed subordinate to the rights of the grantee, and accordingly is not hostile and adverse. Third, plaintiff argues that the 1969 deed from the Bests to the defendants completely fails to describe the hunting camp property, and therefore no decree of title can be based on it. For the reasons stated below, we find that none of these claims requires reversal under the facts presented here.

> Our well recognized rule is that a possession that will work an ouster of the owner must be open, notorious, hostile and continuous for the full statutory period of fifteen years. . . . The tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest.

*Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 277, 305 A.2d 562, 567 (1973); accord, *Montgomery* v. *Branon*, 129 Vt. 379, 387, 278 A.2d 744, 748–49 (1971); *Barrell* v. *Renehan*, 114 Vt. 23, 29, 39 A.2d 330, 333 (1944). Furthermore, continuous use is not synonymous with constant use. Continuity of use is merely such use as an aver-

314

age owner would make of the property, taking into account its nature and condition. *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, *supra*, 131 Vt. at 280, 305 A.2d at 569; *Barrell* v. *Renehan, supra.* Finally, while it may be that yearly hunting is not a sufficient use to lay the basis for adverse possession, yearly use of a hunting camp can constitute a sufficient use. See *Montgomery* v. *Branon, supra,* 129 Vt. at 387, 278 A.2d at 749.

■■ The master found that Mary Rita Best, with her first and then her second husband, "openly, notoriously, hostilely and continuously" occupied the camp property for a period of twenty-two years after the 1947 conveyance to which plaintiff traces his title. Although it would have been better practice for the master to have found the specific facts upon which these ultimate facts rest, it is not reversible error to fail to do so. *Guibord* v. *Guibord,* 114 Vt. 278, 283, 44 A.2d 158, 161 (1945). Because these findings were adopted by the superior court they have the same force and effect as findings of the court, V.R.C.P. 52(a), and they will not be set aside unless, taking the evidence in the light most favorable to the prevailing party, and excluding the effect of modifying evidence, they are clearly erroneous. See *Green Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 457, 296 A.2d 198, 200 (1972).

■ The evidence showed that, just prior to the 1947 conveyance, Frederick, Mary Rita, and Marvin Squiers staked out the hunting camp property by placing pipes in the ground. From 1947 to 1967, Frederick and Mary Rita Squiers were in possession of the camp property, located on a wooded mountainside with steep slopes, which they used each year for hunting and general recreation with their children and friends. After Frederick died in 1967, Mary Rita continued to use the property until she and her second husband sold it to the defendants in 1969.

In light of this evidence, we cannot say that the master's findings of adverse use in excess of the statutory period were clearly erroneous.

■ Plaintiff next claims that Frederick and Mary Rita Squiers were prevented from acquiring title by adverse pos-

session against their grantee because a grantor who holds over is presumed to hold subject to the rights of his grantee. It is true that our law recognizes a rebuttable presumption that a grantor who remains in possession of land clearly granted holds in subordination to the rights of his grantee. *Robinson* v. *Douglass,* 2 Aik. 364, 367 (1827); Annot., 39 A.L.R.2d 353, 355–61 (1955); cf. *Stevens* v. *Whitcomb,* 16 Vt. 121, 124 (1844). In this case, however, there was evidence indicating that the grantors, the Squiers, intended to and mistakenly believed that they had reserved the camp property from the 1947 conveyance. The presumption that the grantor's rights are subordinate to the grantee's rights has no room for operation when the grantor believes, however mistakenly, that the disputed property was not included in the grant. *Robinson* v. *Douglass, supra,* 2 Aik. at 368; *Rider* v. *Pottratz,* 246 Or. 454, 456–57, 425 P.2d 766, 767 (1967); Annot., *supra,* 39 A.L.R.2d at § 9. As this Court stated in *Robinson* v. *Douglass, supra:*

> Where the owner of a tract of land conveys a part of it, still remaining in possession of the residue, land which the grantee contends is covered by the conveyance to him, it would seem not to admit of a doubt, that if the grantor remains in possession fifteen years, he would acquire a title to the land, claimed and occupied by him as ungranted, although it might turn out in fact to be included in his conveyance to the grantee.

Accordingly, it was not error to find hostility and adversity in the use by the grantors of plaintiff's predecessor in title.

■ Finally, plaintiff argues that there is such a total failure of description in the deed from the Bests to the defendants that it is impossible to determine the boundaries of the property conveyed, and that this prevents judgment in favor of the defendants. We cannot see how the description on defendants' deed affects plaintiff's action for ejectment, however, because it is a common maxim in the law that a plaintiff in ejectment must recover, if at all, on the strength of his own title, and not on the weakness of his adversary's. See, e.g., *Sartwell* v. *Sowles,* 72 Vt. 270, 275, 48 A. 11, 13, 82 Am. St. Rep. 943, 945 (1900); *McGuire* v. *Blount,* 199 U.S. 142, 144 (1905); *Dunbar* v. *Green,* 198 U.S. 166, 168 (1905); *Christy*

v. *Scott,* 55 U.S. (14 How.) 282, 293 (1852); *Levine* v. *Twin City Red Barn No. 2, Inc.,* 296 Minn. 260, 263, 207 N.W.2d 739, 741 (1973) (per curiam); *Chris Schroeder & Sons Co.* v. *Lincoln County,* 244 Wis. 178, 182, 11 N.W.2d 665, 666 (1943). Since plaintiff has been disseized of the camp property by the Squiers' adverse possession, it cannot now maintain ejectment against defendants. *Montgomery* v. *Branon,* 127 Vt. 83, 89–90, 238 A.2d 650, 654–55 (1968).

*Judgment affirmed.*