[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiffs-appellants, Alan H. and Ann R.W. Fischoff, filed a complaint alleging that they had acquired a portion of property owned by defendants-appellees, Thomas E. and Mary C. Kober, by adverse possession. Following a bench trial, the trial court journalized an entry granting in part and denying in part the Fischoffs' complaint. It found that they had proved that they had adversely possessed three inches of property that was covered by a patio, but that they had failed to prove they had adversely possessed a strip of land behind the patio. The court stated that "the prior owners of both parcels had a very, very informal agreement as to what could be characterize [sic] as a free floating property line."
 {¶ 3} The Fischoffs have filed a timely appeal from the court's judgment. In their sole assignment of error, they contend that the trial court erred by denying their complaint in part as to the strip of land behind the patio, because they had proved all the elements of adverse possession by clear and convincing evidence. This assignment of error is not well taken.
 {¶ 4} We first note that the Fischoffs have failed to provide us with the entire transcript of the trial proceedings. The appellant bears the burden of providing a transcript for appellate review, a principle that is recognized by App.R. 9(B). Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. App.R. 9(B) also provides that "[i]f the appellant intends to urge that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." See Walter v. Bethesda Hosp.
(Jan. 4, 1995), 1st Dist. No. C-930545; Cook v. Lawley (Jan. 8, 1992), 1st Dist. No. C-910061. If a partial record does not conclusively support the trial court's decision, an appellate court will presume that the omitted evidence does provide the necessary support. Ham v. Park (1996),110 Ohio App.3d 803, 675 N.E.2d 505; Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 629 N.E.2d 500.
 {¶ 5} In this case, the partial record submitted by the Fischoffs does not support their argument. "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Failure to prove any of these elements results in the failure to acquire title by adverse possession. Grace v.Koch, 81 Ohio St.3d 577, 1998-Ohio-607, 692 N.E.2d 1009. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613.
 {¶ 6} A successful adverse-possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Consequently, the doctrine is disfavored, and the elements of proof are stringent. Grace, supra.
 {¶ 7} The Fischoffs cite to a portion of the testimony of Polly Wright, a previous owner of the Kobers' property, which would appear to support their argument. Other portions of Wright's testimony, however, support the conclusion that the use of the strip of property by the Fischoffs and the previous owners of their property was not hostile, but permissive. Permissive use cannot ripen into a claim for adverse possession. Pennsylvania R. Co. v. Donovan (1924), 111 Ohio St. 341,145 N.E. 479; Nusekabel v. Cincinnati Public Sch. Employees CreditUnion, Inc. (1997), 125 Ohio App.3d 427, 708 N.E.2d 1015.
 {¶ 8} The Ohio Supreme Court has stated that to establish adversity, "[t]he tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest." Grace, supra, quoting Darling v. Ennis (1980), 138 Vt. 311, 415 A.2d 228. The evidence did not rise to that level in this case. See Video Shack, Inc. v. Smith, 7th Dist. No. 2001-CO-41, 2003-Ohio-5149; Richardson v. Blersch (Apr. 6, 1994), 1st Dist. No. C-930042.
 {¶ 9} The portion of the transcript submitted by the Fischoffs does not show that they proved adverse possession by clear and convincing evidence. Further, we must presume that the omitted portion of the transcript supports the trial court's judgment. Accordingly, we overrule the Fischoffs' assignment of error and affirm the trial court's judgment.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.