[Cite as *Mock v. Schupp*, 2025-Ohio-4659.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BETH A. MOCK,<br><br>      Plaintiff - Appellant<br><br>-vs-<br><br>TERESA J. SCHUPP,<br><br>      Defendant – Appellee | Case No. 2025 AP 03 0008<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2023 CV 02 0134<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: October 8, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** THOMAS D. WHITE, for Plaintiff-Appellant; GREGORY D. SWOPE, for Defendant-Appellee.

*Baldwin, P.J.*

**{¶1}**   The appellant, Beth A. Mock, appeals from the February 14, 2025 Judgment Entry of the Tuscarawas County Court of Common Pleas. The appellee is Teresa J. Schupp.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   The appellant and appellee own adjoining parcels of land. The appellant has used a driveway located on the appellee's property to access a public highway and claims a prescriptive easement over this portion of the land. The appellant alleges that she and her predecessors in title have used this and a portion of the appellee's property for decades ("disputed property").

**{¶3}** On February 27, 2023, the appellant filed a Complaint seeking: (1) a declaratory judgment recognizing a prescriptive easement over the appellee's property for use of the driveway; (2) a declaratory judgment awarding ownership of the disputed property by adverse possession; and (3) permanent injunctive relief to prevent the appellee from interfering with the appellant's use of the driveway.

**{¶4}** On March 28, 2023, the appellee filed an Answer.

**{¶5}** On July 25, 2024, the matter proceeded to a bench trial.

**{¶6}** The owner of a concrete and excavating company, testified that he provided an estimate to the appellant to repair the driveway, remove manure, and take down trees. His estimate included grading the dirt drive, addressing drainage, installing gravel, and landscaping.

**{¶7}** The appellant then called the appellee to testify. The appellee identified approximately one-half acre of land as the disputed property, which the appellant claims by adverse possession. The appellee testified that she used this area to chop firewood and store manure. The appellee placed the manure on the disputed property after she obtained a survey in 2018 identifying the disputed property as hers. She did this to deter the appellant's tenant, J.S., from mowing on her land after multiple incidents involving rolling his lawn mower.

**{¶8}** The appellee also testified that a shed had existed on the disputed property since prior to 1991. Though the prior owner of the appellant's property refused to remove the shed, the appellee currently uses it for storing her lawn mower. She also maintains a path through the disputed property, trimming trees and bushes.

{¶9}   The appellant's daughter testified to visiting the property about twice yearly since childhood. She photographed manure, divots, and potholes on the driveway, and no trespass signs near the driveway.

{¶10} The appellant testified that her family has owned the appellant's property since 1941. Her grandparents reportedly built the shed and used the disputed property for raising pigs, dogs, rabbits, pheasants and chickens, planting elderberries and daffodils, and gardening. A septic system is located on the disputed land. The appellant and her husband have also hunted and trimmed trees in the disputed area.

{¶11} The appellant alleged the appellee erected a structure on the disputed property in 2018 and submitted photos showing ruts, manure, and blockages on the driveway.

{¶12}   The appellant denied ever interfering with the appellee's use of the driveway but asserted that the appellee had interfered with hers. She testified to the appellee erecting barriers, blocking trucks, and preventing access to the drive. She sought a permanent injunction against the appellee for alleged harassment.

{¶13}   The appellant admitted she had no way of knowing if her grandfather had permission to use the disputed land from the appellee or her predecessor in title.

{¶14}   The appellant rested her case.

{¶15}   The appellee called J.S. to testify. J.S., in addition to being the appellant's tenant, is also the cousin of the appellee's late husband.  J.S. testified that the appellee dumped manure on the driveway but cleaned it up promptly. It did not impede his or anyone else's use of the driveway. He stated that the driveway's condition had not materially changed in the fourteen years he has lived there. He testified to the appellee checking on him frequently due to his history of medical issues.

{¶16} The appellant's mother testified that her father kept pigs until she was about twelve, after which the structure for the pigs was dismantled.

{¶17} On February 14, 2025, the trial court found that: the appellant is entitled to a prescriptive easement over the disputed roadway up to the access point of her property, the appellee is entitled to a prescriptive easement over the appellant's property to access her real estate, the parties' Supplemental Joint Stipulation to Driveway Easement is adopted, the appellant failed to prove by clear and convincing evidence that she exercised exclusive, open, notorious, continuous, and adverse possession of the disputed property for twenty-one years, the appellant has failed to prove by clear and convincing evidence injunctive relief is necessary to prevent irreparable harm, and the appellant is not entitled to attorney fees or damages.

{¶18} The appellant filed a timely notice of appeal, and herein raised the following three assignments of error:

{¶19} "I. THE TRIAL COURT ERRED BY NOT FINDING THAT THE PARTIES AGREED AT TRIAL TO APPELLANT'S OWNERSHIP OF THE "LAWN" PORTION OF THE DISPUTED PROPERTY."

{¶20} "II. THE TRIAL COURT ERRED BY NOT AWARDING APPELLANT OWNERSHIP BY ADVERSE POSSESSION OF THE BALANCE OF THE DISPUTED PROPERTY."

{¶21} "III. THE TRIAL COURT ERRED BY NOT AWARDING APPELLANT A PERMANENT INJUNCTION AND AN AWARD OF ATTORNEY FEES AND COSTS."

## STANDARD OF REVIEW

{¶22} The appellant's three assignments of error challenge the trial court's verdict as being against the manifest weight of the evidence. A judgment supported by some

competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d 147, 154 (1990).

## I.

**{¶23}** In the appellant's first assignment of error, the appellant argues that the trial court erred in not finding that the parties agreed to the appellant's ownership of the "lawn" portion of the disputed property. We disagree.

## ANALYSIS

**{¶24}** Initially, we note the appellant's brief does not comply with Appellate Rule 16. The appellant has failed to provide citations to statute, case law, rules of evidence, or learned treatise from this or any other jurisdiction to support her argument.

**{¶25}** App.R. 16 states, in pertinent part:

**Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated all of the following:

\*\*\*

(7) an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

App.R. 12(A)(2) states, "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶26}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157 (1988). "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & O.R. Co.* 127 Ohio St. 351 (1933). " 'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *State v. Romy*, 2021-Ohio-501, ¶36 (5th Dist.); quoting *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.).

**{¶27}** The appellant summarily argues that the trial court's ruling that the appellant failed to prove adverse possession of the lawn is an abuse of discretion. The appellant alludes in the assignment of error that the appellee agreed at trial to the appellant's ownership of a portion of the disputed property. The record shows that she agreed to a mistaken belief as to the ownership of the property for some time. However, the appellant has failed to show support for the contention that the appellee's mistaken belief about a boundary does, without more, operate to transfer title. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Romy* at ¶35. Therefore, we may disregard the appellant's first assignment of error since she failed to support her argument with any competent legal authority.

**{¶28}** The appellant's first assignment of error is overruled.

## II.

**{¶29}** In the appellant's second assignment of error, the appellant argues the trial court erred by not awarding the appellant ownership by adverse possession of a portion of the disputed property referred to as "the woods." We disagree.

### ANALYSIS

**{¶30}** To establish title by adverse possession, a claimant "must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch*, 81 Ohio St.3d 577 (1998). A party who fails to prove any of these elements fails to acquire title through adverse possession. *Id*. at 579. The doctrine of adverse possession is disfavored and its elements are stringent. *Id*. at 580.

**{¶31}** The Supreme Court of Ohio has defined "clear and convincing evidence" as the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. *In re: Estate of Haynes*, 25 Ohio St.3d 101, 103-04 (1986); see, also, *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

**{¶32}** In order for possession to be considered open, the "use of the disputed property must be without attempted concealment." *McKenna v. Boyce*, 2012-Ohio-5163, ¶37 (5th Dist.) To be notorious, "a use must be known to some who might reasonably be expected to communicate their knowledge to the owner" or is "so patent that the true owner of the property could not be deceived as to the property's use." *Id*. The Supreme Court of Ohio quoted the Supreme Court of Vermont in stating, " '[t]he tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy

has invaded his dominions and planted his standard of conquest.' " *Grace v. Koch*, 81 Ohio St.3d 577, 581 (1998), quoting *Darling v. Ennis*, 138 Vt. 311, 313, 415 A.2d 228, 230 (1980).

**{¶33}** "A use is "adverse" when it is without the permission of, and is inconsistent with the rights of, the property owner." *Hall v. Dasher*, 2022-Ohio-1735, ¶63 (5th Dist.).

**{¶34}** The Third District Court of Appeals explained continuous and exclusive use of the property:

> Use of the property does not have to be exclusive of all individuals. Rather, it must be exclusive of the true owner entering onto the land and asserting his right to possession. It must also be exclusive of third persons entering the land under their own claim of title, or claiming to have permission to be on the premises from the true title holder. If the title holder enters onto the land without asserting, by word or act, any right of ownership or possession, his presence on the land does not amount to an actual possession, and the possession may properly be attributed to the party who is on the land exercising or claiming exclusive control thereof. It is not necessary that all persons be excluded from entering upon and using the premises.

*Kaufman v. Geisken Ents., Ltd.*, 2003-Ohio-1027, ¶39 (3rd Dist.).

**{¶35}** In the case sub judice, the appellant failed to present any evidence that her grandfather lacked permission to use the disputed property for any of his various activities including raising pigs, chickens, and rabbits. The appellant's predecessor in title built a structure on the disputed property; however, the appellee used that structure to store her lawn mower. The appellee also cut firewood and trimmed vegetation on the disputed property.

**{¶36}** In 2018, after having a survey done, the appellee asserted her ownership over the disputed property by placing manure on the lawn and posting no trespass signs.

**{¶37}** Given the facts discussed above, after reviewing the entire record, and keeping in mind that the elements of adverse possession are stringent and to be proved by clear and convincing evidence, we find that the trial court's determination that the appellant failed to prove her claim of adverse possession was not against the manifest weight of the evidence.

**{¶38}** The appellant's second assignment of error is overruled.

### III.

**{¶39}** In the appellant's third assignment of error, the appellant argues the trial court erred by not granting a permanent injunction and awarding attorney fees. We disagree.

### ANALYSIS

**{¶40}** "In an action for a temporary or permanent injunction, the plaintiff must prove his or her case by clear and convincing evidence." *Kinder Morgan Cochin L.L.C. v. Simonson*, 2016-Ohio-4647, ¶16 (5th Dist.). Again, clear and convincing evidence has been defined by the Supreme Court of Ohio as that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. *In re: Estate of Haynes*, 25 Ohio St.3d 101, 103-04 (1986); see, also, *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

**{¶41}** Trial courts perform a four-factor analysis in determining whether to grant injunctive relief: (1) the likelihood or probability of a plaintiff's success on the merits; (2)

whether the issuance of the injunction will prevent irreparable harm to the plaintiff; (3) what injury to others will be caused by the granting of the injunction; and (4) whether the public interest will be served by granting the injunction. *Corbett v. Ohio Bldg. Auth.*, 86 Ohio App.3d 44, 49 (10th Dist.1993).

{¶42} Here, the appellant requested injunctive relief on the grounds that the appellee was harassing her and interfering with her use of the shared driveway.

{¶43} The list of the appellee's alleged harassment, as laid out in the appellant's statement of facts, consists of: piling manure onto the disputed property, dumping manure onto the shared drive, trespassing onto the appellant's property to look in her windows, yelling at the appellant and her husband for parking their truck on her private driveway, preventing the appellant's invitees from using the joint driveway by posting no trespass signs, calling law enforcement when J.S. was "flying down the drive," locking the gate to her property when plumbers looking for the appellant's house were parked in her drive, and complaining when the plumbers ran down her gate.

{¶44} The trial court found the evidence presented at trial failed to establish, by clear and convincing evidence, that the appellant is entitled to injunctive relief. As discussed in the above, the appellee dumped manure on her own property, then J.S. testified that any manure deposited on the shared driveway was promptly cleaned and did not impede access. Additionally, J.S. has a history of medical emergencies, including a stroke and lawn mower accidents, prompting the appellee to periodically check on him by visiting or tapping on his window. She also testified that she was unaware plumbers were on her property.

{¶45} Upon review of the entire record, we find that the trial court's determination that the appellant failed to demonstrate, by clear and convincing evidence, that the

appellant is entitled to injunctive relief and attorney fees is not against the manifest weight of the evidence.

{¶46} The appellant's third assignment of error is overruled.

## CONCLUSION

{¶47} Based upon the foregoing, the judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.

{¶48} Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Gormley, J. concur.